IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

FREDERICK SMITH                                                                          PLAINTIFF

v.                              No. 3:16-cv-163-DPM

DESOTO COUNTY SHERIFF DEPARTMENT;
LAKE VILLAGE POLICE DEPARTMENT;
STATE OF ARKANSAS; and STATE OF
MISSISSIPPI                                                                              DEFENDANTS

ORDER

1. Smith's motion to proceed *in forma pauperis* is conditionally granted with caveats. The Court doesn't understand the beginning of his papers; and his financial picture looks incomplete. It is clear, though, that Smith can't pay the whole filing fee up-front.

2. The Court must screen his complaint before ordering service. 28 U.S.C. § 1915(e)(2). Smith says that the defendants conspired against him to destroy his good name, falsely arrested him, and entered his name into the NCIC database without cause. № 3-1. The allegations in this complaint are similar to the ones in 3:13-cv-50-JLH. He names some different folks in this case—the Lake Village Police Department and the State of Mississippi—but most of the material facts are the same. *Compare No. 3-13-cv-50-JLH, № 2, with 3:16-cv-163-DPM, № 3*. Smith's previous case was dismissed with prejudice.

*No. 3:13-cv-50-JLH № 50*. So that judgment may well bar this new case. But there's no need to undertake the preclusion analysis because it's clear these claims are untimely.

Smith claims violations of 42 U.S.C. §§ 1983 & 1985. The events alleged happened in 2009—some seven years ago. The date is clear from Smith's complaint in No. 3:13-cv-50-JLH. The Court may consider that related public record on screening under § 1915(e)(2), which is the functional equivalent of a motion that tests a pleading. *Porous Media Corporation v. Pall Corporation*, 186 F.3d 1077, 1079 (8th Cir. 1999); *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). The statute of limitations on these claims is three years. *Morton v. City of Little Rock*, 934 F.2d 180, 182 (8th Cir. 1991); ARK. CODE ANN. § 16-56-105. Smith's new complaint will therefore be dismissed with prejudice as time barred.

**3.** This is the third case Smith has filed about the arrest/NCIC-database issues, and the tenth one he has filed in the last three years or so about related issues. See the chart attached to the Court's recent Order in Smith's last case. *No. 3-16-cv-89-DPM № 3 at 6*. Smith has pursued all these cases without paying a filing fee. The Court warned Smith two months ago that he must

stop filing cases on issues that have already been decided or clearly lack merit. *No. 3-16-cv-89-DPM at № 3 at 5.* The Court therefore directs the Clerk not to file another complaint by Smith without prior Court approval if the case is assigned at random to me.

* * *

Motion, № 1, granted; the complaint will be dismissed with prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

18 July 2016